170 N.J. Super. 206 (1979)
406 A.2d 196
AUBREY ZAID, T/A PARKWAY REALTY COMPANY, PLAINTIFF, NEW JERSEY REAL ESTATE COMMISSION, PLAINTIFF-INTERVENOR,
v.
ISLAND HOUSE CONDOMINIUM ASSOCIATION, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
July 25, 1979.
*207 Mr. Stephen Hankin for plaintiff (Messrs. Hankin & D'Amato, attorneys).
Ms. Elise W. Goldblat, Deputy Attorney General, for plaintiff-intervenor (Mr. John J. Degnan, Attorney General, attorney).
Mr. Marvin Rimm for defendant (Messrs. Vasser, Rimm, Spitalnick & Mazin, attorneys).
GRUCCIO, J.S.C.
This matter is before me on an order to show cause and verified complaint filed by plaintiff Aubrey Zaid t/a Parkway Realty Company seeking injunctive relief against defendant Island House Condominium Association. Prior to the return date of the order to show cause plaintiff New Jersey Real Estate Commission was allowed to intervene and file a verified complaint. The parties agreeing that there is no genuine issue as to any material fact, and the court finding none, a final resolution of the question of law involved will be made on the basis of the pleadings and briefs filed herein. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 73-75 (1954); R. 4:46.
Plaintiff Zaid is a real estate broker located in the City of Margate who is licensed to transact business pursuant to the Real Estate License Act, N.J.S.A. 45:15-1 et seq. Plaintiff-intervenor New Jersey Real Estate Commission is the administrative agency charged with the responsibility for enforcement of the License Act. N.J.S.A. 45:15-5. Defendant is a nonprofit association which is responsible for the administration and management of the Island House Condominium pursuant to the Condominium Act, N.J.S.A. 46:8B-1 et seq. Defendant, furthermore, *208 assists unit owners in the sale or rental of their units by soliciting prospective purchasers or renters through advertisement and by negotiating such transactions. Defendant association employs at a salary a manager who in part performs the above services. The association receives a commission for these activities. Neither the association nor any of its employees is licensed to act as a real estate broker or salesperson under the provisions of the Real Estate License Act. N.J.S.A. 45:15-1 et seq. Plaintiffs contend that defendant's activities in this regard are illegal and seek to enjoin any such future conduct.
The Real Estate License Act prohibits anyone from directly or indirectly engaging in the business of a real estate broker or salesperson without being licensed according to the provisions of the act. N.J.S.A. 45:15-1. The act defines a real estate broker as:
A real estate broker, for the purposes of this article, is defined to be a person, firm or corporation who, for a fee, commission or other valuable consideration, or by reason of a promise or reasonable expectation thereof, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of real estate or an interest therein, or collects or offers or attempts to collect rent for the use of real estate or solicits for prospective purchasers or assists or directs in the procuring of prospects or the negotiation or closing of any transaction which does or is contemplated to result in the sale, exchange, leasing, renting or auctioning of any real estate or negotiates, or offers or attempts or agrees to negotiate a loan secured or to be secured by mortgage or other encumbrance upon or transfer of any real estate for others, or any person who, for pecuniary gain or expectation of pecuniary gain conducts a public or private competitive sale of lands or any interest in lands. [N.J.S.A. 45:15-3]
Clearly, defendant's activities are encompassed by this definition.
The act, however, contains an exception which defendant asserts applies to this case. N.J.S.A. 45:15-4 provides, "The provisions of this article shall not apply to any person, firm, partnership, association, or corporation who, as a bona fide *209 owner or lessor, shall perform any of the aforesaid acts with reference to property owned by him * * *." Thus, defendant argues that since its membership consists solely of unit owners it is in essence the owner of the property sought to be sold or leased and within the above exception to the licensing requirements of the act.
I find this argument to be without merit and contrary to the public policy behind the statute. The Licensing Act is a regulatory measure and any exception thereto must be strictly construed. Palkoski v. Garcia, 19 N.J. 175 (1955). N.J.S.A. 45:15-4 creates an exception to the licensing requirement for a bona fide owner. The condominium association is not the bona fide owner of any of the units it seeks to dispose of. While the Condominium Act does provide that a condominium association may own units in the condominium, N.J.S.A. 46:8B-15(b), it does not confer any ownership interest upon the association in units that are privately owned. Indeed, the Condominium Act makes it clear that a unit owner has the same unfettered ownership interest in his unit as any other owner of real property does in his property: "Each unit shall constitute a separate parcel of real property which may be dealt with by the owner thereof in the same manner as is otherwise permitted by law for any other parcel of real property." N.J.S.A. 46:8B-4. Thus, not only does this provision of the Condominium Act make it clear that a condominium association has no ownership interest in a privately owned unit, but it also makes it clear that a unit owner can only deal with his property "in the same manner as is otherwise permitted by law for any other parcel of real property." The law only allows real property to be sold by a licensed broker or salesperson or by the owner. An unlicensed condominium association is none of these and therefore cannot sell or lease units for a unit owner.
Such an interpretation of the Real Estate License Act is consistent with the public policy behind the act. The act represents *210 the strong public policy of this State. Tanebaum v. Sylvan Builders, Inc., 29 N.J. 63, 71 (1959). It is designed to protect the public from "fraud, incompetence, misinterpretation and sharp or unconscionable practice." Boise Cascade Home v. N.J. Real Estate Div., 121 N.J. Super. 228, 240 (Ch.Div. 1972) (citing Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 553 (1967)). The association and its employee lack the training to obtain a license. They are not accountable to the Real Estate Commission for their activities. These factors are no less a concern merely because a condominium association is involved.
Judgment shall be entered for plaintiffs enjoining defendant from either directly or indirectly assisting unit owners with the sale or lease of their units, and from collecting any commissions for the same, until such time as the condominium association and any employees hired by the association for the purpose of assisting unit owners in the sale or lease of their units are licensed according to the provisions of the Real Estate License Act.